The Honorable, the Judges of the United States Court of Appeal to the 4th Circuit. We are ready to hear argument on our next case 1924-52 Sheppard versus the Visitors of Virginia State University. Mr. Crowley, we'll hear from you. Thank you, Your Honor. May it please the court, my name is Scott Crowley and I represent the appellant, the plaintiff below, Malcolm Sheppard. This appeal concerns two issues of law. The first is whether Sheppard stated the claim for sex discrimination in an educational program under Title IX of the Education Amendments of 1972 when he was adjudicated for assault against a former girlfriend at Virginia State University in Petersburg, Virginia. While the university took no action against the former girlfriend, who I've identified in my brief as student A, for larceny arising out of dissent. The second issue is whether Mr. Sheppard raised the property interest in Virginia State University's Student Code of Conduct governing disciplinary actions as a predicate for his claim of violation of his due process rights under the 14th Amendment when the administrator of the disciplinary program named Henry DeBose suspended Mr. Sheppard haphazardly without an opportunity to be heard. Focusing first on my Title IX claim, he proceeds under the selective enforcement theory first articulated by the Second Circuit in the case of Yusef versus Vassar College. Mr. Sheppard claims that since the charges against him arose from the same general altercation, which is a theft of personal property, which led to a confrontation and then shoving, the circumstances surrounding Mr. Sheppard and student A were sufficiently similar that the fact that Virginia State University took disciplinary action only against Mr. Sheppard and not against student A or student B stated. Mr. Crowley, if I can Mr. Miller is really not my question right now, but we've not specifically held that for a Title IX case you have to have a comparator. But it sounds like your position acknowledges that that's a requirement and you think it's been sufficiently pled. Am I understanding your position correctly? I don't want to but I will say that there are other circuits, including the four circuits that have ruled on this precise issue, since we briefed this issue and I have the citations where they've said enough of the theories under Yusef. All we need to do, we need to go back to original principles and look at the text of Title IX which says is there discrimination based on sex in an educational program? And you just need and then and then you need to look at the analogous Title VII of the Civil Rights Act. That statute of course requires that discrimination be only a motivating factor and so whether we look at it a strict comparator analysis or whether we look at it more broadly into whether there's there's Mr. Crowley did you say that there are several cases that you believe are in your favor that have come out since you filed your brief? Right. Okay so have you submitted a 28 J letter to to give the court an opportunity to look at those as well as to give opposing counsel an opportunity to look at those? No and I'll just be honest I've come across these cases last night in preparing for this argument. Okay. I'd be happy to supplement and I understand it's it's not unusual but some of these cases have come out just you know in the lap in fall in fall of 2020 after we've briefed it and I've got cases from the 3rd, the 7th, the 8th and the 9th circuits that have all followed the 7th circuit in Doe versus Purdue University which says you know we don't need to be bound by these strict theories of life. Let me ask you a different question how how can you say that student A was treated favorably when she was found responsible for the theft? She was treated favorably in the enforcement in that she was only adjudicated for the theft after Mr. Shepard approached the Department of Education Office of Civil Rights and filed a complaint against Virginia State University because until that time... So you're speculating that nothing was going to happen to student A otherwise we would have to speculate that wouldn't we? I wouldn't use the word speculate I would use the term that I've had I've had a cause of action that gets me over the edge for a 12b6 motion under Iqbal and Twombly. Now whether whether those facts can be borne out in discovery I don't know because because I've had no discovery but I think I'm entitled to an inference that when Mr. Shepard is adjudicated he received a notice of pre-hearing disciplinary action the day after the altercation on October 25th of 2016 and then with less than a week he's adjudicated and it's not until four months later that the university sends any sort of notice to student A and only after the Office of Civil Rights from the Education Department contacts VSU and says there's been this complaint and then four days later they hurry up and file papers against student A. I think that is beyond speculation those facts may not bear out discovery but I think I'm entitled to... You're saying that's a reasonable inference based on the timeline of events? That's a better way of saying what I'm trying to say yes. But the university had proceeded against student B much earlier than that. Isn't that correct? Let me get my timeline. The university sent a pre-hearing notice to student B on January 11th which was four months, no three months after my client was adjudicated and already left the Office of Civil Rights got involved. So you're right that the student B was subjected to discipline but not till sometime later. I want to take you back to the threshold question if I could. I understand that there are some other circuits that have looked at these types of Title IX claims under a more you as I understand it you have pled and you have argued until today solely under a USEF proceeding based on selective enforcement. So what entitles you to come in at oral argument and seek to change the gravitas of your pleading? Well my argument has always been that if you look at the circumstances in total I have alleged on behalf of Mr. Shepard a prime official case of sex discrimination. So yes I've chosen to call it selective enforcement under USEF but the fact the fact of the matter that since this all all of these charges the theft and the assault arose from the same incident involving the same characters the same decision-makers the same code of conduct the fact that one was treated more lean leaningly than the other gives me an influence of sex treated more leniently because as I understand the pleadings and the and the briefing there isn't any contest as to your client being guilty of the charges against him nor is there any question as to students loose student a being guilty of the charges against her nor of the penalty imposed against student a that the only difference between the parties is the timing of when the discipline was imposed is there anything else that you say reflects a difference between the two? Well the timing but I also assert I'm gonna take this time one step further and assert that had Mr. Shepard never complained to the Office of Civil Rights the university would have never enforced any disciplinary action against student a and you're right I'm not saying that the outcome against Mr. Shepard was wrong or unfair but it's essentially like two basketball teams playing and the refs only calling fouls against one team now those fouls may be legitimate fouls but if they're only gonna call them against one team at some point you need to say why is the university calling fouls at all maybe all of this should be left up to the to the court authorities and not in non-imposed sanctions of suspension and that's really where I'm going in this case. But how did they not call a foul against the I think it's student a when she was found responsible for the theft? But they were only shamed into that because he I mean it well I just to go with your analogy you said that there were no you in fact there was that student was found responsible now it might been a it might have been for a football analogy a late flag thrown but the flag was thrown so how does that fit into your argument? It was thrown only after the appeal to a much higher authority. So that goes back to your reasonable inference our With the court's permission I think I may move on to the due process issue. Under Board of Regents versus Ross the Supreme Court said that property interest we know they're not created by the Constitution but they can be created and the dimensions defined by existing rules or understandings that stem from and it's that goes on such as state law but it doesn't have to be state law. The fact that BSU like many public institutions publishes precise procedures to be involved to be invoked in the in this situation of student discipline shows that the the the student has a property interest in the enforcement in the utilization of those procedures so that university can't simply jettison those and say we're going to suspend the student without hearing without even hearing what the student has to say and that's what I so counsel am I correct that the district court addressed this issue in the alternative and found on the merits that there was no property interest but also the qualified immunity applied? Yes yes and I obviously disagree with both points because I there has to be some veneer of property interest for due process when the university gives these rights they accept tuition from the student it's a public university they have to it doesn't mean they have to provide all the niceties of due process that you're that is found in the court of law but they have to at least hear the student out and that didn't happen well even even if we assume that the district court was wrong on the merits if qualified immunity applies that would still defeat your your clients claim it would and as I as I read your brief on page 16 you say it's an open question whether students enjoy a property interest in higher education that that you an effective conceded there is no clearly established law which would require the application of qualified immunity. I think what I would revise my statement to say there may not have been a state law that guarantees a student the right to continuing education but there are these procedures in place that Mr. Crowley or can you I mean if there's no Supreme Court authority saying what you just said that these policies create a property interest and there's no Fourth Circuit law saying that just on that basis when I understand your argument but given the fact that we don't have anything you know at any appellate court is that is there any way it can be clearly established? My time's running out can I just answer that question? Yes go right ahead. Thank you. There are so many cases out there of this sort that where courts acknowledge some minimal some veneer of due process has to be given before a student can be either expelled or suspended. Just Board of Regents versus Roth alone that comes from 1972 the idea that an administrator who administers these policies with these guarantees in the student code of conduct would somehow think that he could kick a student out without even asking the student what happened or explain why he's doing it. I mean anyone would understand that at this point it's like a police officer questioning a suspect without giving Miranda rights. I mean it's just known now six decades ago it wasn't known but it's been known since the seventies and it's the same year. I mean it's it's VSU that provided these policies all we're doing is saying if your policies say you can't suspend the student without telling him or her why you're doing it and giving that person an opportunity to be heard then that's a violation of due process. All right thank you very much. Mr. Crowley you have some time left on rebuttal and we'll now hear from Miss Kayla. Good afternoon your honors and may it please the court Michelle Callen for appellees. The district court properly dismissed Mr. Shepard's complaint against each of the two defendants. As to VSU Mr. Shepard's title 9 claim fails because he acknowledges that USIF's selective enforcement framework applies but Mr. Shepard fails to point to any remotely similar comparator of a different gender. Now I'd like to add another relevant date in terms of the timeline of what occurred in this case. Your honors less than a month after the event at issue here on December 17th 2019 the Office of to let them know to email OJA. Yes your honor. I think I think I heard a false judicial question. There's a false flag there. So I think it's worth noting your honors that that December 17th is also a relevant date here and that plainly comes well before any complaint to federal authorities. I think anything any theory that this case is premised and that the disciplinary proceedings somehow followed from Mr. Shepard's complaint to the Department of Education is highly speculative and is undercut by the timeline in this case too. As my friend on the other side. And what what was it that you said happened? What was the date you wanted to add? I'm sorry I missed it. December 17th 2016 which is less than a So that's that's that date is what you've just recited to us that's in the record that we have? Yes your honor. Let me ask you as I understand Mr. Crowley's argument he says that notwithstanding pleading and arguing under USEF with a selective enforcement theory that we really ought to look at the Title IX case more under a Twombly analysis instead of a USEF analysis. What's your response to that? I think twofold your honor. So he himself only briefs the selective enforcement theory and I think it's worth noting an event that this court issued an unpublished decision last October this past October where this court recognized the USEF standard as well that's the Doe 2 by and through Doe 1 v Fairfax County. It's a 2020 Westlaw 6158091. It's an unpublished decision but it is one in which the USEF standard was referenced by this court. But even applying the plain Iqbal Twombly pleading standard the complaint here plainly fails that as well. I mean the complaint does does a little more than saying because they are female and because I am male I was to state a Title IX claim and I think I think that's highlighted that the insufficiency of this complaint is highlighted by one of the cases that my friend on the other side relies on. So in his brief he relies on the Doe v. Amherst College case out of the District of Massachusetts and there there were allegations that whereas the that the college at issue encouraged the female students to file a complaint against the male student when there were sexual misconduct allegations and by contrast the University when the shoe was on the other foot and it was the male who was alleging sexual misconduct against the female the plaintiff there alleged that the complaint that the University did not encourage the male victim to file a complaint and so the differential treatment by the University of the male versus the female students there was the allegations in the complaint that that there was a difference in treatment. Here the only difference is a pace in the proceedings of the disciplinary process. Student A was disciplined and faced consequences to larceny in the disciplinary process so the only difference is simply the pace and that's insufficient to show differential treatment but it's certainly insufficient to show that the reason the differential treatment was was based off sex especially when Mr. Shepard was committed a violent offense under the cell phone charger and some clothing items so that plainly explains the difference in the pace of the disciplinary proceedings. I think it bears noting unless the court has additional questions on the title 9 piece of the case we think that that case that this case plainly fails under both the selective enforcement theory and a plain Iqbal Twombly pleading standard. Moving on to to Mr. DuBose those claims fail on the merits but at the very least Mr. DuBose is entitled to qualified immunity. On the due process claim Mr. Shepard himself admits that this court has not adopted his theory of a property interest and on his equal protection claim Mr. Shepard fails to say any case let alone one from this court the Supreme Court of the United States or the Supreme Court of Virginia adopting his novel same incident theory. This court on multiple occasions has emphasized the deference that it accords to academic decision-making particularly in the disciplinary process. That deference is appropriate here and the district court's decision should be affirmed. Unless the court has any more questions I'll yield the remainder of my time. Seeing no hands up I'll thank you Ms. Callan for your argument and we'll go back to Mr. Crowley he's got rebuttal time. Thank you I just want to Ms. Callan said something to the effect of that our side was alleging just because Mr. Shepard is male and student A's female there must be discrimination and I mean that's simply not the case we're looking at the totality of the circumstances the fact that it occurred at roughly the same time same incident actually in that the university was so prompt in getting notice of pre-hearing to Mr. Shepard and then did nothing against student A or student B for some time sent out a notice of pre-hearing against student B on December 17th about six or seven weeks after the incident which is ironic because student B was not nearly as culpable as student A. That notice went to both students didn't it? Students A and B. No, our facts are it only went out to A I mean excuse me B. What's your JA site for that? I can find it if you don't have it quickly. Mr. Crowley that's all right I can find it in the record. Okay I think in my paragraph I need to correct what I said paragraph 37 of the amended complaint says it's set on December 17th it's sent her an email not a pre-hearing notice but an email saying please contact our office that email was ignored and then on March 20th of 2017. Okay so you're saying that the basis for you saying that the December 17th email only went to student B is what's alleged in your complaint? We alleged in the complaint that an email was right the student A saying contact the office not what it should have said which is this is a pre-hearing notice. Okay so you agree it did go to student A on December 17th. An email went out saying right right saying please contact the office about your about the misconduct about the conduct or whatever. That's okay and I apologize for my misunderstanding. Okay thanks. But student A ignored that notice and the university took no action to follow up or impose any discipline until after Mr. Shepard went to the Office of Civil Rights. He actually went January 23rd but the university didn't get notice of that complaint until March 16th of 2017 and then on March 20th they issued the pre-hearing notice against student A and then April 7th I believe of 17 is when they have the hearing the adjudicatory hearing for student A found you responsible for theft. Unless there are any questions that's that that's my presentation. All right thank you very much we appreciate the argument of both council which you will be taking under advisement.
judges: G. Steven Agee, Stephanie D. Thacker, A. Marvin Quattlebaum Jr.